IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY BRITTON,

    Petitioner,                   No. CIV S-05-0893 MCE EFB P

    vs.

KATIE MENDOZA-POWERS,

    Respondent.                 <u>ORDER</u>

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks relief from a January 30, 2004, conviction for willful infliction of corporal injury on a spouse (California Penal Code § 273.5) and the five-year sentence imposed thereon. On June 15, 2007, petitioner filed a notice of a change of address indicating that he was released from prison.

        "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3)). The "in custody" requirement is jurisdictional, and "requir[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng*, 490 U.S. at 490-491 (citing 28 U.S.C.

§§ 2241(c)(3) & 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody.  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

The United States Supreme Court has "never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed.  Indeed, [the Supreme Court's] decision in *Carafas v. LaVallee* . . . strongly implied the contrary."  *Maleng*, 490 U.S. at 491.  In other words, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng*, 490 U.S. at 492.

Even if currently released on parole, petitioner is still "in custody" for purposes of habeas corpus jurisdiction.  *Benny v. U.S. Parole Comm.*, 295 F.3d 977, 989 n. 9 (9th Cir. 2002)(citing *Tisnado v. United States*, 547 F.2d 452, 455 (9th Cir. 1976)) (where petitioner still on parole, such a restraint satisfies the custody requirement of 28 U.S.C. § 2241(c)(3) and § 2254(a)).

Accordingly, it is hereby ORDERED that petitioner shall, within 30 days of the date of this order, file a statement regarding whether he is still "in custody," as explained above, or requesting voluntary dismissal of this action for mootness.  Failure to do so will result in a recommendation that this action be dismissed.

Dated: May 29, 2008.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE