IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BOBBY BRITTON,

               Petitioner,

       vs.

MATTHEW CATE,[1] Secretary, California
Department of Corrections and
Rehabilitation,

               Respondent.

No. 2:05-cv-00893-JKS

MEMORANDUM DECISION

Petitioner Bobby Britton, a state parolee appearing *pro se*, has filed a petition for habeas

corpus relief under 28 U.S.C. § 2254.  Britton is currently on parole in the custody of the

California Department of Corrections and Rehabilitation.[2]  Respondent has answered, and Britton

has replied.

## I.  BACKGROUND/PRIOR PROCEEDINGS

Under a negotiated plea agreement, Britton pleaded no contest to one felony count of

corporal injury on his spouse (Cal. Penal Code, § 273.5(a)) and one count that he inflicted great

bodily injury upon his spouse under circumstances involving domestic violence (Cal. Penal Code

§ 12022.7(e)).  The remaining counts, a felony charge of spousal battery resulting in the infliction

of serious bodily injury (Cal. Penal Code § 243(d)) and a misdemeanor charge of violating a

temporary restraining order (Cal. Penal Code § 166(a)(4)) were dismissed.  Britton's prior

---

[1] Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, is
substituted for Kathy Mendoza-Powers, Warden, Avenal State Prison.  Fed. R. Civ. P. 25(d).

[2] At the time Britton filed his petition for relief, he was incarcerated at the Avenal State
Prison.  Since the petition was filed, Britton has been released on parole.  Docket No. 19.

conviction of battery on a spouse (Cal. Penal Code § 243(e)(1)) was also stricken. As part of the plea agreement, Britton stipulated he would be sentenced to a prison term of five years, the low term of two years for the corporal injury on his spouse, plus a consecutive three-year term for the great bodily injury enhancement. Britton moved for specific performance of an alleged earlier plea agreement, or, in the alternative, to withdraw his plea, which was denied by the trial court. The trial court then sentenced Britton to the agreed term of five years in state prison.

Britton timely appealed to the California Court of Appeal, Third District, which affirmed in an unpublished, reasoned decision.[3] The California Supreme Court summarily denied review without comment or citation to authority on March 2, 2005. Britton timely filed his petition for relief in the Northern District of California on March 16, 2005. The Northern District of California transferred the matter to this Court.

## II. GROUNDS RAISED/DEFENSES

In his petition Britton raises a single ground: The Sacramento County Superior Court erred in denying his motion to withdraw his no contest plea, or, in the alternative, specifically enforce an earlier offer by the prosecution. Respondent asserts no affirmative defenses.[4]

## III. STANDARD OF REVIEW

Because Britton's petition was filed after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal

---

[3] *People v. Britton*, 2004 WL 2958473 (Cal. App. December 22, 2004).

[4] *See* Rules—Section 2254 Cases, Rule 5(b).

law, as determined by the Supreme Court of the United States" at the time the state court renders

its decision or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding."[5] The Supreme Court has explained that "clearly

established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the

Supreme Court] as of the time of the relevant state-court decision."[6] The holding must also be

binding upon the states; that is, the decision must be based upon constitutional grounds, not on

the supervisory power of the Supreme Court over federal courts.[7] Thus, where holdings of the

Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that

the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[8] When a claim falls

under the "unreasonable application" prong, a state court's application of Supreme Court

precedent must be objectively unreasonable, not just incorrect or erroneous.[9] The Supreme Court

has made clear that the objectively unreasonable standard is a substantially higher threshold than

simply believing the state court determination was incorrect.[10] In a federal habeas proceeding,

---

[5] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[6] *Williams*, 529 U.S. at 412.

[7] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[8] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

[9] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[10] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

the standard under which this Court must assess the prejudicial impact of constitutional error in a

state-court criminal trial is whether the error had a substantial and injurious effect or influence in

determining the outcome.[11]

In applying this standard, this Court reviews the last reasoned decision by the state

court,[12] which in this case was that of the California Court of Appeal.  Under AEDPA, the state

court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption

by clear and convincing evidence.[13]

## IV.  DISCUSSION

The facts and Britton's contentions regarding his claim are set forth in detail in the

decision of the California Court of Appeal, which is reproduced below.

> Defendant claims the trial court erred in denying his request to withdraw his plea. We disagree.
> Section 1018 provides in pertinent part: "On application of the defendant . . ., the court may, . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted . . . .  This section shall be liberally construed to effect these objects and to promote justice."
> Good cause to withdraw a plea exists when a defendant has entered the plea as a result of mistake, ignorance, or some other factor preventing the defendant's free exercise of judgment.  However, '[a] plea may not be withdrawn simply because the defendant has changed his mind.'
> Although section 1018 is to be liberally construed, good cause for withdrawal of a guilty plea must be shown by clear and convincing evidence.  Courts are especially cautious in allowing withdrawal of a negotiated plea.  Furthermore, "[w]hen a defendant is represented by counsel, the grant or denial of an application to withdraw a plea is purely within the discretion of the trial court after consideration of all factors necessary to bring about a just result. [Citations.]

---

[11] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[12] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[13] 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

On appeal, the trial court's decision will be upheld unless there is a clear showing of abuse of discretion. [Citations.]"  Abuse of discretion is found only if the trial court has exercised its discretion in an arbitrary, capricious, or patently absurd manner resulting in a manifest miscarriage of justice.

In a contested motion to withdraw a plea, the trial court is the trier of fact responsible for judging the credibility of the witnesses or affiants.  The court must resolve conflicting factual questions and draw the resulting inferences.  Where two conflicting inferences may be drawn from the evidence, a reviewing court must accept the one supporting the trial court's order.

Here, defendant contends, "ignorance overcame the exercise of his free judgment" when he failed to accept the two-year offer before it was withdrawn. In particular, defendant contends he was not "fully informed about the medical records and the injuries and their legal consequences in supporting a great bodily injury enhancement," or that the "2 year offer would not be continued" beyond the June 26, 2003, hearing.  Defendant attributes his ignorance to the ineffective assistance of his counsel.

The Sixth Amendment of the United States Constitution and article I, section 15 of the California Constitution entitle a defendant to effective assistance of legal counsel at all critical stages in the criminal process, including the plea bargaining phase.  A defendant asserting a claim of ineffective assistance of counsel must first prove counsel's representation was deficient.  This requires showing counsel's representation "fell below an objective standard of reasonableness under prevailing professional norms . . . ."  Second, defendant is required to establish "counsel's deficient performance subjected the defendant to prejudice . . . ."

Where a defendant contends that his counsel's ineffective representation results in the rejection of an offered plea bargain, and in the defendant's decision to proceed to trial, defendant must also demonstrate that, but for the deficient representation, defendant would have accepted the proffered plea bargain and the trial court would have approved the plea bargain.  On the other hand, where a defendant challenges his guilty plea, "a defendant must establish not only incompetent performance by counsel, but also a reasonable probability that, but for counsel's incompetence, the defendant would not have pleaded guilty and would have insisted on proceeding to trial. [Citation.]"

Defendant contends counsel rendered ineffective assistance by failing to advise him the two-year offer would "go away" after the matter was set for a preliminary hearing.  The trial court was not required to accept defendant's naked assertion. The trial court expressly credited attorney Schiavo's testimony.  She testified she met with defendant on June 25, 2003, and explained the offer might not last past the next court appearance, which was scheduled for the following day, and that the offer could "go up."  Schiavo also testified that she returned to the jail the following day to impress upon him that she "felt it was in his best interest to take the offer and [she] knew the offer would be withdrawn, and [she] told him that . . . ." In addition, the record reveals that the prosecuting attorney increased the initial offer earlier in the case, from a two-year state prison maximum to a two-

year stipulated state prison sentence, without notice to defendant. Thus, defendant was already aware this was a possibility.

Defendant asserts that counsel failed timely to supply him with copies of the medical records. Apart from defendant's declaration, which the trial court rejected, there is no evidence in the record to support this assertion. Rather, Schiavo testified that on June 25, 2003, she reviewed the medical records with defendant, highlighted for him those portions dealing with the victim's injuries, and explained how those injuries impacted his potential "exposure." She also stated that she provided him with a copy of the medical records at that time.

Defendant asserts that counsel failed to communicate immediately defendant's acceptance of the two year offer. It is not clear from the record when Michel communicated defendant's acceptance of the two-year offer to the prosecuting attorney. The record reveals only that, on July 1, 2003, defendant advised Michel he wished to accept the offer, and on July 3, 2003, the prosecuting attorney advised Michel the offer had been withdrawn. Even assuming Michel waited two days to communicate defendant's acceptance to the prosecuting attorney, we conclude that a two-day delay does not fall below the objective standard of reasonableness.

In any event, defendant failed to establish that he was prejudiced by Michel's alleged failure to communicate immediately his acceptance. The uncontroverted evidence establishes that had defendant's acceptance been communicated on July 1, 2003, the prosecuting attorney's response would have been the same-the two-year offer was off the table as of the setting of the preliminary hearing. FN1

> FN1. The district attorney was free to withdraw the two-year offer after defendant communicated his acceptance. A prosecutor may withdraw from a plea bargain so long as the defendant has not pleaded guilty "or otherwise detrimentally relie[d] on that bargain." Defendant had not entered his no contest plea when he was advised the offer had been withdrawn, nor does the record support his assertion that he detrimentally relied on the offer before being advised it was withdrawn.

The trial court did not abuse its discretion in denying defendant's request to withdraw his no contest plea. As defendant's motion to withdraw his plea was properly denied, we need not reach his claims related to specific performance of the two-year offer.[14]

Like a guilty plea, Britton faces a high hurdle in seeking to overturn a no contest plea on

collateral review. The Supreme Court has held with respect to collateral attacks on guilty pleas:

---

[14] *Britton*, 2004 WL 2958473, *3-5 (citations omitted).

It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange. It is only when the consensual character of the plea is called into question that the validity of a guilty plea may be impaired. *In Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), we stated the applicable standard:

"'[A] plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).'"[15]

Twenty years later the Supreme Court explained:

This Court recently explained, in reversing a lower court determination that a guilty plea was not voluntary: "[T]he law ordinarily considers a waiver knowing, intelligent, and sufficiently aware if the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances- even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002) (emphasis in original). We similarly observed in *Patterson:* "If [the defendant] . . . lacked a full and complete appreciation of all of the consequences flowing from his waiver, it does not defeat the State's showing that the information it provided to him satisfied the constitutional minimum." 487 U.S. at 294, 108 S.Ct. 2389 (internal quotation marks omitted).[16]

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'"[17] This

---

[15] *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984), *disapproved on another ground by Puckett v. United States*, 556 U.S. ___, 129 S. Ct. 1423 (2009).

[16] *Iowa v. Tovar*, 541 U.S. 77, 92 (2004).

[17] *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)).

Court must, therefore, analyze Britton's claims in that light, *i.e.*, the effect of counsel's performance on the voluntariness of the no contest plea. First, this matter did not go to trial; Britton entered a no contest plea. Accordingly, the only issue properly before this Court is whether counsel was so ineffective in advising Britton to plead no contest that it rendered his plea unknowing, unintelligent and involuntary.

Under *Strickland v. Washington*,[18] to demonstrate ineffective assistance of counsel, Britton must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[19] A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[20] Britton must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and that there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different.[21]

In reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro, supra,* at 473, 127 S.Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado,* 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more

---

[18] 466 U.S. 668 (1984).

[19] *Id.* at 687.

[20] *Id*.

[21] *Hill,* 474 U.S. at 57.

general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").[22]

It is through this doubly deferential lens that a federal habeas court reviews *Strickland* claims under the § 2254(d)(1) standard.[23]

Britton's argument to this Court is essentially that the California Court of Appeal got its facts wrong.[24] Britton misperceives the role of the court in federal habeas proceedings. This Court is precluded from either re-weighing the evidence or assessing the credibility of witnesses. The role of this Court is to simply determine whether there is any evidence, if accepted as credible by the trier of fact, sufficient to sustain the trier of fact's findings.[25] This Court must accept the factual findings of the state court unless Britton establishes those factual findings are erroneous by clear and convincing evidence.[26] Britton has not shouldered this burden.

This Court cannot say that the decision of the California Court of Appeal was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[27] Nor, viewing the matter through the doubly-deferential lens of *Mirzayance*, can this Court find that the state court

---

[22] *Knowles v. Mirzayance*, 556 U.S. ___, 129 S. Ct. 1411, 1420 (2009).

[23] *See Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

[24] Britton does not cite any authority, state or federal, in support of his argument that the prosecution must retain a plea offer open for a time sufficient for him to review the facts in the case and make an informed decision on whether or not to accept the offer. Independent research by this Court did not find any such authority.

[25] *See Schlup v. Delo*, 513 U.S. 298, 340 (1995).

[26] 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340.

[27] 28 U.S.C. § 2254(d).

unreasonably applied the correct legal principle to the facts of Britton's case within the scope of *Andrade–Williams–Schriro*; *i.e.*, the state court decision was more than incorrect or erroneous, its application of clearly established law was objectively unreasonable. Britton has failed to establish that his counsel committed any error that was so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment or that defendant's defense was prejudiced, as required by *Strickland-Hill*. In particular, Britton has failed to overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.

## V. CONCLUSION AND ORDER

Britton is not entitled to relief.

**IT IS HEREBY ORDERED THAT** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[28] Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.

The Clerk of the Court to enter judgment accordingly.

Dated: March 9, 2010.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[28] 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," *i.e.,* when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and citations omitted).